[No. 125-40826-3.   Division Three.   July 21, 1970.]

CARL BURRESS, *Appellant,* v. NELDON L. RICHENS *et al., Respondents.*

*Robert A. Milne* (of *Milne & Peterson*), for appellant.

*Darrell E. Ries* (of *Ries & Kenison*), for respondents.

EVANS, C. J.—Plaintiff, Burress, a real estate broker, brought this action seeking judgment on a $10,000 promissory note given by defendants Richens as earnest money on the purchase of a farm owned by Murlen and Jimmie Jenson, husband and wife. Both plaintiff and defendants moved for summary judgment, and plaintiff appeals from a summary judgment in favor of defendants Richens.

This is a companion case to *Jenson v. Richens,* 74 Wn.2d 41, 442 P.2d 636 (1968), arising out of the same transaction. In that case the seller, Jenson, brought an action against the buyer, Richens, for failure to perform in accordance

with an earnest money agreement. One of the provisions of the earnest money agreement was as follows:

> If this agreement is not accepted by the seller within the time above stated, or if the seller cannot show title as agreed above, all money is to be returned on demand and title policy surrendered to seller, and this agreement shall be at an end unless the seller elects to perfect such title within a reasonable time.

Based on this provision, the Supreme Court in *Jenson v. Richens, supra* at 45, held:

> [T]he real estate was subject to a $150,000 mortgage and that the sellers failed to show timely ability to pay it off. The property, therefore, was not free from encumbrances, and any promise found in the agreement which could be said to be an undertaking to buy did not become binding upon the buyer unless encumbrance-free title could be tendered.

The earnest money agreement also contained the following provision:

> If the purchaser fails to fulfill his obligation under this agreement, time being the essence hereof, then the seller may elect to specifically enforce the agreement or to require a forfeiture thereof, and in the event of a forfeiture all payments made by the purchaser shall be forfeited to Burress Realty to the amount of their regular commission and the balance if any to the seller as liquidated damages.

The regular commission as provided in the earnest money agreement was $10,500.

By reason of the above provision, the Supreme Court in *Jenson v. Richens, supra* at 47, stated:

> Although the plaintiffs did not assert a claim to the forfeited earnest money, but instead sought to recover damages based upon an asserted difference in values between the sale price and the alleged decline in market value at the time of purchasers' withdrawal from the deal, we think that the trial court properly found that any remedy plaintiffs might have would be limited to a forfeiture of the liquidated damages as prescribed in the contract.

In the present case, plaintiff Burress contends that the following language found in the opinion of *Jenson v. Richens, supra* at 46, entitles him to recover on the note.

> *The other basis for affirmance of the dismissal is the willingness of the defendant purchasers to accept a forfeiture of their note which they had delivered to Burress Realty in earnest of the transaction.* Even if we were to hold under the circumstances that defendants breached their promise to buy the plaintiffs' farm, we think that the trial court properly limited the sellers' remedy to a forfeiture of the note, and that an action for damages based on an asserted difference between the stated price and the market value would not lie.

(Italics ours.)

The trial court in the present case observed, and both counsel agree, the above statement that defendants Richens were willing to accept a forfeiture of the note was an erroneous assumption, apparently based upon the failure of counsel to inform the court that the present case was then pending in the superior court. In this regard, the trial judge stated in his oral opinion:

> But, going back to the last statement, the statement that the Richenses were willing to accept a forfeiture of the note; this is not supported by Judge Rea's decision [in *Jenson v. Richens, supra,*], I have read it carefully, and counsel indicate that it is not supported by the record in the case. I think that somehow there was a misunderstanding of the facts of the case which crept into this decision by the Supreme Court. At the time this case was decided—that is, the Supreme Court case was decided, this case that is here today had already been filed. In fact, it had been filed before this contract case and had been held in abeyance until the decision in that other case. So that it isn't right to say that the Richenses agreed to a forfeiture of a note. There isn't anything anywhere to indicate that. And the fact that the case was pending and held up, indicates clearly to me that there never was any such intention.
>
> Putting all of those factors together, this is what the whole thing means to me: The Supreme Court has decided that the seller was not in a position to perform and that therefore it [there] was no contract, and if it

[there] is no contract everybody ought to get back everything he started with. One of the things that the purchasers had given up was a $10,000 note, now in the hands of the plaintiff in this case; when the deal fell through because of the sellers' inability to perform, then that $10,000 note should be declared void and unenforcible.

The basic holding in *Jenson* is that the sellers failed to show timely ability to pay off a $150,000 mortgage, and as a result the property was not free from encumbrances; therefore, any promise found in the earnest money agreement which could be said to be an undertaking to buy was not binding upon the buyer. This court is bound by that holding. However, the statement contained in the opinion to the effect that the defendants Richens were willing to accept forfeiture of their note is, under the circumstances, not controlling in the present dispute between Burress and Richens. It was unnecessary and wholly incidental to the basic decision in *Jenson v. Richens,* 74 Wn.2d 41, 442 P.2d 636 (1968).

We, therefore, agree with the trial court that the defendants Richens, as purchasers, were entitled to treat the contract at an end and, pursuant to the terms of their earnest agreement, were entitled to the return of the earnest payment represented by the note.

Judgment is affirmed.

GREEN and MUNSON, JJ., concur.